UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRISH BANERJEE, *et al.*, | ) |
| Plaintiffs, | ) Case No. 2:17-cv-00466-APG-GWF |
| vs. | ) **ORDER** |
| CONTINENTAL INCORPORATED, INC., *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiffs' Motion to File Under Seal (ECF No. 22), filed on June 27, 2017.

Plaintiffs request leave to file its Opposition to Defendant's Motion to Dismiss under seal because it contains reference to testimony in a related matter that is subject to a protective order. Plaintiffs filed a redacted version of their Opposition on June 27, 2017. ECF No. 18. Although Plaintiffs do not agree with Defendants' assertion that portions of Plaintiffs' Opposition are subject to a protective order, Plaintiffs filed their Motion to Seal out of an abundance of caution. The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. A showing of "good cause" does not, without more, satisfy the "compelling reasons" test required to maintain the secrecy of documents attached to dispositive motions. *Id.*

*Kamakana* recognized that "compelling reasons" sufficient to outweigh the public's interests in disclosure and justify sealing records exist when court records may be used to gratify private spite, permit public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (internal quotations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*, *citing*, *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1136 (9th Cir. 1995). To justify sealing documents attached to dispositive motions, a party is required to present articulable facts identifying the interests favoring continuing secrecy *and* show that these specific interests overcome the presumption of public access by outweighing the public's interests in understanding the judicial process. *Id.* at 1181 (internal citations and quotations omitted).

Plaintiffs fail to provide sufficient compelling reasons to justify sealing its Opposition to Defendant's Motion to Dismiss. The designation of documents or information as confidential for discovery purposes does not automatically result in a finding that such information should be sealed under *Kamakana*'s higher compelling reasons standard. *Krause v. Nevada Mut. Ins. Co.*, 2013 WL 3776416, at *5 (D. Nev. July 16, 2013). The Court, therefore, denies Plaintiffs' request to file its Opposition under seal without prejudice to Defendants filing a motion to seal. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to File Under Seal (ECF No. 22) is **denied**.

**IT IS FURTHER ORDERED** that Defendants have until **July 14, 2017** to file a motion to seal Plaintiffs' Opposition.

DATED this 6th day of July, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge