UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ADRISH BANERJEE and YAN HE,<br><br>Plaintiffs<br><br>v.<br><br>CONTINENTAL INCORPORATED, INC. and LEAPERS, INC.,<br><br>Defendants | Case No.: 2:17-cv-00466-APG-GWF<br><br>**Order Granting in Part Motion for Attorney's Fees**<br><br>[ECF No. 60] |

Defendants Continental Incorporated, Inc. and Leapers, Inc. move for attorney's fees, costs, and statutory damages related to their motion to dismiss under Nevada and Indiana's anti-SLAPP statutes. The defendants seek $143,760 in attorney's fees, $2,068.14 in costs, and $10,000 per plaintiff in statutory damages. The plaintiffs oppose on a variety of grounds, generally arguing that the fees requested are excessive, block-billed, and involve billing for matters unrelated to the anti-SLAPP motion filed in this case.

The parties are familiar with the factual background, and I set forth the facts when I addressed the anti-SLAPP motion. ECF No. 52. I will not repeat the allegations here except where necessary to resolve the motion. I grant the motion in part.

**I. ANALYSIS**

Both Nevada and Indiana's anti-SLAPP statutes provide for the mandatory award of reasonable attorney's fees and costs if the court grants an anti-SLAPP motion to dismiss. Nev. Rev. Stat. § 41.670(1)(a); Ind. Code § 34-7-7-7. Nevada law also provides for a discretionary award of up to $10,000. Nev. Rev. Stat. § 41.670(1)(b). Both Nevada and Indiana look to California law for guidance with respect to their anti-SLAPP statutes. *See Shapiro v. Welt*, 389

P.3d 262, 268 (Nev. 2017); *Brandom v. Coupled Prod., LLC*, 975 N.E.2d 382, 386 (Ind. Ct. App. 2012). Under California law, a prevailing defendant may recover fees and costs only for the motion to strike, not the entire litigation. *S. B. Beach Properties v. Berti*, 138 P.3d 713, 717 (Cal. 2006). I predict[1] Nevada and Indiana would follow a similar rule. The statutory language refers to awarding fees and costs to a defendant who prevails on the anti-SLAPP motion. The language does not suggest the state legislatures intended to award a defendant a windfall by granting fees and costs that were incurred defending against claims that are not covered by the statute.

In Nevada,[2] "the method upon which a reasonable fee is determined is subject to the discretion of the court," which "is tempered only by reason and fairness." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 548-49 (Nev. 2005) (en banc) (quotation omitted). One permissible method of calculation is the lodestar approach, which involves multiplying "the number of hours reasonably spent on the case by a reasonable hourly rate." *See id.* at 549 & n.98 (quotation omitted); *see also Sobel v. Hertz Corp.*, 53 F. Supp. 3d 1319, 1325-26 (D. Nev. 2014). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

In determining the reasonableness of a fee request, I am guided by the factors listed in *Brunzell v. Golden Gate National Bank*:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its

---

[1] "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007) (quotation omitted). "In answering that question, this court looks for 'guidance' to decisions by intermediate appellate courts of the state and by courts in other jurisdictions." *Id.* (quotation omitted).

[2] Indiana follows similar principles for reasonable attorney's fees calculations, so I do not separately cite Indiana law. *See Shepard v. Schurz Commc'ns, Inc.*, 847 N.E.2d 219, 226-27 (Ind. Ct. App. 2006); *In re Estate of Inlow*, 735 N.E.2d 240, 250-51, 255-57 (Ind. Ct. App. 2000); Ind. R. Prof. Conduct 1.5.

difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; [and] (4) the result: whether the attorney was successful and what benefits were derived.

455 P.2d 31, 33 (Nev. 1969); *see also Haley v. Dist. Ct.*, 273 P.3d 855, 860 (Nev. 2012) ("[I]n determining the amount of fees to award, the court is not limited to one specific approach; its analysis may begin with any method rationally designed to calculate a reasonable amount, so long as the requested amount is reviewed in light of the factors set forth in *Brunzell*" (quotation and citation omitted)). I am also guided by the factors set forth in Local Rule 54-14(b). *See Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1166 (D. Nev. 1998). That rule provides that the motion must include the following:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13;
> (3) A brief summary of:
> (A) The results obtained and the amount involved;
> (B) The time and labor required;
> (C) The novelty and difficulty of the questions involved;
> (D) The skill requisite to perform the legal service properly;
> (E) The preclusion of other employment by the attorney due to acceptance of the case;
> (F) The customary fee;
> (G) Whether the fee is fixed or contingent;
> (H) The time limitations imposed by the client or the circumstances;
> (I) The experience, reputation, and ability of the attorney(s);
> (J) The undesirability of the case, if any;
> (K) The nature and length of the professional relationship with the client;
> (L) Awards in similar cases; and,
> (4) Any other information the court may request.

LR 54-14(b).

/ / / /

/ / / /

## A. Reasonable Rate

Continental and Leapers seek the following rates for the attorneys and paralegals who worked on the case: $450 for partners Daniel McNutt, Jonathan Polak, Tracy Betz, and Anne Cowgur; $275 for associates Matthew Wolf, Jeffrey Stemerick, Manny Herceg, Cristina Costa, and Brittan Shaw; and $175 for paralegal Lisa Heller. They support their request with an affidavit regarding the rates in Las Vegas for partners and associates with the level of experience comparable to McNutt and Wolf, and paralegal Heller. ECF No. 60-1 at 3.

Banerjee and He respond that Continental and Leapers have not shown why every partner and associate qualifies for the highest prevailing rates, particularly the associates who have a wide range of experience, including one who is only two years out of law school. Banerjee and He also assert that prevailing paralegal rates range from $75 to $125 per hour.

Continental and Leapers reply that Banerjee and He offered no evidence in support of their challenge to the rates for Polak and Betz, who are both experienced partners. They also argue that Banerjee and He offer no evidence to support a different rate for any of the associates. Continental and Leapers indicate they would not object to the court using a lower rate for the less experienced attorneys, although they do not provide evidence of what Costa and Shaw's normal billing rates are. They also do not object to a lower rate for paralegal Heller.

The reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979 (quotation omitted). The party requesting fees bears the burden of producing evidence, such as affidavits from attorneys, that the requested rates are in line with the prevailing market rate. *Id.* at 980. "The party opposing the fee application has a burden of rebuttal that requires

/ / / /

4

submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Id.* (quotation omitted).

This court previously has approved reasonable hourly rates of $450 for partners and $250 for experienced associates in the Nevada market. *See Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, No. 2:14-cv-01267-GMN-NJK, 2015 WL 6163443, at *2 (D. Nev. Oct. 20, 2015). The court has approved rates ranging from $95 to $200 for less experienced associates. *See Home Gambling Network, Inc. v. Piche*, No. 2:05-cv-00610-DAE, 2015 WL 1734928, at *11 (D. Nev. Apr. 16, 2015). The prevailing rate two to three years ago for a very experienced paralegal was $125, and $100 for less experienced paralegals. *Id.*; *Walker v. N. Las Vegas Police Dep't*, No. 2:14-cv-01475-JAD-NJK, 2016 WL 3536172, at *2 (D. Nev. June 27, 2016) (stating that "[]in this forum, paralegals command rates between $75 and $125," and approving a $100 rate for a paralegal with 2 years' experience). In addition to the evidence submitted and guidance from other rate determinations in this jurisdiction, I may rely on my own knowledge and experience concerning customary rates in this market. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

I will apply a rate of $450 for all of the partners. Although Banerjee and He contend there is no basis to award the highest prevailing rate, they do not suggest an alternative rate nor point to evidence that would support that rate. Each of the partners is experienced and their requested rates are supported by the affidavits filed with the fee petition. The $250 rate for Wolf, Stemerick, and Herceg is unchallenged and is in line with the prevailing rate for experienced associates in this market, so I will apply that rate. Finally, although Banerjee and He dispute the rate for the less experienced associates, they do not identify what rate they think is appropriate or support that rate with evidence. Given the lack of evidentiary response, and given

my own knowledge of customary rates in this market, I will apply the $250 rate to all associates. Additionally, I approve a rate of $150 for paralegal Heller.

**B. Reasonable Hours**

Continental and Leapers assert they have reasonably spent 275.7 hours of partner time, 74.4 hours of associate time, and 7.3 hours of paralegal time on the anti-SLAPP motion. They assert they have not billed for an additional 125.2 hours that were spent on tasks such as early case administration, the motion to dismiss for failure to state a claim, the motion to consolidate, and case administration. Banerjee and He raise a variety of objections, including that the time requested includes time spent on tasks other than the anti-SLAPP motion, that the bills reflect work done in other cases, and that block billing prevents them and the court from determining whether the time spent on tasks was reasonable.

1. Billing for Only Anti-SLAPP

I agree with Banerjee and He that Continental and Leapers may recover only for time spent on tasks related to the anti-SLAPP motion. Although Continental and Leapers claim they have limited their bills to these tasks, the bills suggest otherwise. For example, paralegal Heller block billed five hours of time on May 23, 2017 for finalizing both motions to dismiss, which were filed on the same date. ECF No. 60-2 at 2. I cannot tell from the billing entry how much time she spent on each motion. Likewise, Heller charges for finalizing a reply to the motion to dismiss on July 3, 2017. *Id.* That more likely relates to the reply to the motion to dismiss, which was filed on July 11, rather than the reply for the anti-SLAPP motion, which was filed on July 21. *See* ECF Nos. 33, 37. Indeed, Heller has a later entry on July 21 for finalizing the anti-SLAPP reply brief. ECF No. 60-2 at 2.

/ / / /

Similarly, several entries from Polak and Betz in May 2017 state that time was spent on both the anti-SLAPP motion and the motion to dismiss. ECF No. 60-4 at 2-3. The records also show block-billed time in relation to the reply briefs in late June. *Id.* Block-billed entries also include time for motions unrelated to either the anti-SLAPP motion or the motion to dismiss. For example, in mid-July, time was block-billed for drafting the anti-SLAPP reply along with reviewing a reply brief filed in support of a motion to consolidate. ECF No. 60-4 at 4.

Finally, the billing records show that time was billed for work done on other cases, including depositions conducted in another case and a separate anti-SLAPP motion that was to be filed in a Michigan case. *Id.* at 2-3; ECF No. 60-5 (attempting to charge for partner Betz's time in conducting depositions in *Leapers, Inc. v. Shi*); ECF No. 60-6 (charging costs for travel to depositions conducted in *Leapers, Inc. v. Shi*). There are entries from May 24 to June 7, 2017 which refer to anti-SLAPP but the anti-SLAPP motion had already been filed in this case. ECF No. 60-4 at 3. In sum, Leapers and Continental have included items in their fee request that cannot be recovered in relation to their anti-SLAPP motion in this case. As a result, I am denying the requested hours related to these entries as follows:

**Taft:**

| Date | Attorney | Hours |
|---|---|---|
| 2/24/17 | Polak | 0.55 |
| 3/23/17 | Polak | 0.1 |
| 5/2/17 | Polak | 0.4 |
| 5/11/17 | Polak | 0.4 |
| 5/15/17 | Polak | 0.7 |
| 5/15/17 | Betz | 1.1 |
| 5/15/17 | Betz | 2.6 (Gwinn and Weiss depositions) |
| 5/16/17 | Betz | 13.9 (Gwinn and Weiss depositions) |
| 5/16/17 | Polak | 0.4 |
| 5/17/17 | Polak | 0.9 |
| 5/18/17 | Polak | 1.15 |
| 5/19/17 | Polak | 1.25 |
| 5/22/17 | Herceg | 0.55 |
| 5/22/17 | Polak | 4.1 |

7

```
5/22/17      Cowgur       0.4
5/23/17      Polak        2.5
5/24/17      Shaw         1.1
5/30/17      Betz         0.2
5/30/17      Polak        0.3
6/6/17       Betz         0.4
6/7/17       Polak        0.4
6/28/17      Polak        0.6
6/29/17      Polak        0.3
6/30/17      Stemerick    0.2
7/1/2017     Polak        0.8
7/27/17      Polak        0.4
8/1/17       Polak        1.2
2/8/18       Stemerick    1.95
2/12/18      Betz         6.7
2/13/18      Betz         9.1
2/13/18      Polak        9.2
2/14/18      Polak        0.3
```
Total deducted:           59.15   x partner rate of $450
                          3.77    x associate rate of $250

**MLF:**

```
5/23/17      Heller       2.5
7/3/17       Wolf         0.7
7/3/17       Heller       0.1
```
Total deducted:           0.7 x associate rate of $250
                          2.6 x paralegal rate of $150

2. Unreasonable Hours

Banerjee and He also argue that the amount of time spent was unreasonable because Continental and Leapers claim 122.5 hours, including 93.3 hours of partner time, for the initial anti-SLAPP motion even though two of the partners claim to be experienced in anti-SLAPP matters. Banerjee and He also argue the 68.9 hours, including 49 hours of partner time, is unreasonable for the anti-SLAPP reply brief. Finally, Banerjee and He argue the amount of time expended in filing the fee request is excessive. They also suggest that no amount should be

awarded for the reply brief in support of the fee request because, had Continental and Leapers properly edited their bills, no response or reply would have been necessary.

The reasonable number of hours means "[t]he number of hours . . . [which] could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (quotation omitted). The party seeking fees bears the burden of "submitting billing records to establish that the number of hours it has requested are (sic) reasonable." *Id.* Those records are not dispositive of the issue, however, and hours may be reduced for various reasons, such as "for hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 1202-03 (quotation omitted). I may also reduce hours where I find, based on my experience and familiarity with the litigation, that the amount of time spent on various tasks was not reasonable. *Ingram*, 647 F.3d at 928.

*a. Time spent from filing of the complaint through filing of the motion*

Continental and Leapers request the following hours for this category:

MLF:
0.7 associate
2.5 paralegal

Taft:
61.4 partner
25.65 associate

I grant MLF's hours as reasonable. However, Taft's time spent on the motion is unreasonable. The bulk of time was billed at a partner rate. Because the partners are experienced with anti-SLAPP motions (thus supporting their request for a higher prevailing rate), it should not have taken 60 hours to prepare the 24-page anti-SLAPP motion. *See* ECF No. 8. I therefore reduce the partner hours to 20. I will not reduce the associate hours.

/ / / /

9

*b. Time spent from time of opposition through filing of reply*

Continental and Leapers request the following hours for this category:

MLF:
0.6 paralegal

Taft:
47 partner
18.5 associate

I grant MLF's hours as reasonable. However, Taft's time spent on the reply is unreasonable. The bulk of time was again billed at a partner rate. Because the partners are experienced with anti-SLAPP motions (thus supporting their request for a higher prevailing rate), it should not have taken 47 hours to prepare the 12-page anti-SLAPP reply. *See* ECF No. 37. I therefore reduce the partner hours to 15. I will not reduce the associate hours.

*c. Time spent on supplements*

Continental and Leapers request the following hours for this category:

MLF:
1 associate
0.6 paralegal

Taft:
51.5 partner

I grant MLF's hours as reasonable. However, Taft's time spent on the supplements is unreasonable. All the requested time was billed at a partner rate. It should not have taken 51.5 hours to prepare the 8-page opposition to the motion to supplement and the 3-page motion to supplement (with less than one full page of actual text). *See* ECF Nos. 42, 50. I therefore reduce the partner hours to 10.

/ / / /

### d. Time spent on motion for fees

Continental and Leapers request the following hours for this category:

MLF:
1 associate
1 paralegal

Taft:
53.05 partner
24.5 associate

I grant MLF's hours as reasonable. However, Taft's time spent on the fee motion is unreasonable. The bulk of time was again billed at a partner rate. A fee motion can be handled by associates and paralegals, with review by partners. It should not have taken 53 partner hours to prepare the 17-page fee motion. *See* ECF No. 60. I therefore reduce the partner hours to 10. I will not reduce the associate hours.

### e. Time spent on reply brief for fee motion

Continental and Leapers request the following hours for this category:

Taft:
29.8 partner
3.3 associate

Taft's time spent on the fee reply is unreasonable. The bulk of time was again billed at a partner rate. A fee reply can be handled by associates and paralegals, with review by partners. It should not have taken nearly 30 partner hours to prepare the 13-page reply. *See* ECF No. 64. I therefore reduce the partner hours to 10. I will not reduce the associate hours.

## C. Lodestar

Taking the reasonable hours from above by the applicable reasonable rates, the lodestar is calculated as follows:

    65 hours x partner rate of $450: $29,250

    74.65 hours x associate rate of $250: $18,662.50

    4.7 hours x paralegal rate of $150: $705

    Total: $48,617.50

Neither side has asked that the lodestar be adjusted up or down. Accordingly, I award $48,617.50 in reasonable attorney's fees.

### D. Statutory Damages

    Continental and Leapers seek $10,000 each against Banerjee and He under the statutory damage provision. Banerjee and He respond that their lawsuit was not frivolous and the defendants' conduct in initiating the criminal action against them in Indiana has cost them more than what the defendants claim to have suffered. They also state that they are of limited means and Banerjee has health issues, which they offer to establish through an *in camera* submission if requested to do so.

    The Nevada statute does not outline the parameters of when a court should award statutory damages under § 41.670(1)(b), other than committing it to the court's discretion. Nev. Rev. Stat. § 41.670(1)(b) (stating the court "may" award up to $10,000); *see also Butler v. State*, 102 P.3d 71, 81 (Nev. 2004) (en banc) (interpreting the word "may" in a statute as conferring discretion). However, the remainder of § 41.670 offers clues to when such an award is warranted. A defendant whose anti-SLAPP motion is successful may bring a separate action against the plaintiff for compensatory damages, punitive damages, and attorney's fees and costs for the separate action. Nev. Rev. Stat. § 41.670(1)(c). That suggests that the statutory damage award in the original action may be the analog to compensatory and punitive damages recoverable in a separate action. Further, when a defendant's anti-SLAPP motion is

12

unsuccessful, the court may award reasonable fees and costs to the plaintiff if it finds the motion was "frivolous or vexatious." Nev. Rev. Stat. § 41.670(2). It may also award up to $10,000 along with "such additional relief as the court deems proper to punish and deter the filing of frivolous or vexatious motions." Nev. Rev. Stat. § 41.670(3). Thus, it appears the $10,000 statutory award is aimed at frivolous or vexatious conduct that warrants a type of punitive (and perhaps in the right case, compensatory) award.

I find no basis to award statutory damages. The complaint was not frivolous or vexatious. Indeed, although Leapers and Continental like to paint themselves as the victims, another court found Leapers and Continental's conduct in instigating a similar criminal prosecution against a different individual so exceptional (and not in a good way) as to warrant an award of attorney's fees against them. *See* ECF No. 41-1.[3] Vexatious conduct may be in the eye of the beholder in the context of the parties' overall history of disputes. In any event, the substantial fee award amply serves the deterrence and compensation goals behind the anti-SLAPP statute's fee shifting provision. I therefore deny the request for statutory damages in any amount.

**E. Costs**

Continental and Leapers cannot recover costs for the depositions conducted in a separate case. I therefore deduct $177.62 for the travel to the Weiss deposition and $953.30 for the Weiss and Gwinn deposition transcripts. ECF No. 60-6. Only copies of those transcripts would be

---

[3] That court referred to Leapers' "hyper-aggressive strategy targeting its competitor across multiple forums—including through successfully pursuing public arrest and criminal prosecution in another state—at great expense to itself and Defendants." ECF No. 41-1 at 6. The Sixth Circuit overturned that decision on the merits of the district court's trade dress rulings. *See Leapers, Inc. v. SMTS, LLC*, No. 17-1007, 2018 WL 341880, at *7 (6th Cir. Jan. 10, 2018). On remand, those parties settled their disputes. *Leapers, Inc. v. SMTS, LLC*, No. 2:14-cv-12290-RHC-DRG, 2018 WL 2007073, at *1 (E.D. Mich. Jan. 26, 2018).

properly charged to this case.  The other research and copying charges correlate to dates when the anti-SLAPP motion was being drafted, so I will award those costs for a total award of $937.22.

**II.  CONCLUSION**

IT IS THEREFORE ORDERED that defendants' motion for attorney's fees **(ECF No. 60) is GRANTED in part**.  The clerk of court is instructed to enter judgment in favor of defendant Continental Incorporated, Inc. and Leapers, Inc. and against plaintiffs Adrish Banerjee and Yan He in the amount of $49,554.72 ($48,617.50 in attorney's fees and $937.22 in costs).

DATED this 17th day of September, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE